IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRADLEY DAVIS,** *Plaintiff,* v. **WAWA,** *Defendant.* | Case No. 2:24-cv-01533-JDW |

## MEMORANDUM

Title VII and its state counterparts are not "general civility code[s] for the American workplace." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998). And while the alleged conduct at issue in this case is far from acceptable, it does not rise to a level where it becomes illegal. That means Bradley Davis cannot maintain his sexual harassment claim based on an alleged hostile work environment. Nor does he have sufficient evidence to permit a jury to conclude that his employer, Wawa, Inc., fired him because he complained about the misconduct. So, I will enter summary judgment in Wawa's favor.

I.   **RELEVANT BACKGROUND**

A.   **Factual History**

Mr. Davis started working for Wawa as a customer service associate on August 8, 2022. He worked at Wawa's location at 1602 South Delaware Avenue in Philadelphia, Pennsylvania. On September 13, 2022, Mr. Davis was stocking shelves in the store's cold

box. While Mr. Davis was working, a customer service supervisor, Tim Marker, came up behind him and started rubbing Mr. Davis's chest. Mr. Marker also "rubbed the bottom part" of Mr. Davis's body, including the small of his back. (ECF No. 16-3 at 19:24 – 20:1.) When Mr. Davis finished stacking the shelf, Mr. Marker "touched the small of [his] back and had his hand almost in the inside of [Mr. Davis's] pants." (*Id.* at 21:14-15.) Mr. Davis completed his shift after this incident.

On September 17, 2022, Mr. Davis learned that he was scheduled to work with Mr. Marker that day, so he called the store and complained about what Mr. Marker had done to him. He filed an internal complaint in-person the next day. The store's general manager in training, Timothy Schmidt, and the store's General Manager, Ryan Schwartzman, spoke with Mr. Davis about his allegations. They also interviewed Mr. Marker and other employees who worked on the day of the incident. Mr. Marker denied Mr. Davis's account of what happened. Wawa did not take any disciplinary action against Mr. Marker.

On September 10, 2022, before the incident with Mr. Marker, Mr. Davis failed to report to work. Wawa provided him with attendance coaching. On September 22, Mr. Davis was scheduled to work, but he called out. He "spoke with a manager" who "excused" him from coming in and "approved" his request not to report for work that day. (*Id.* at 29:14-23.) Thus, Mr. Davis did not report to work on September 22. Mr. Davis was also scheduled to work on September 24. He tried to call-out of work this day as well, but he never spoke with anyone at Wawa. He called the store three times, but no one answered.

No one ever called him back, so he assumed he was excused from work that day as well. When Mr. Davis showed up for work the following day, a manager advised him that he had been terminated for failing to call out and not showing up for his scheduled shift. Mr. Davis attempted to appeal the termination decision and seek reinstatement, but Wawa denied that request after determining that he had failed to appeal within the time that Wawa required.

### B. Procedural History

On April 12, 2024, Mr. Davis filed this lawsuit against Wawa, asserting claims for sexual harassment based on a hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act. Wawa moves for summary judgment on all of the claims, and that motion is ripe for disposition.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) permits a party to seek, and a court to enter, summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a summary judgment motion, a court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quotation omitted). In opposing summary judgment, "[t]he non-moving party may not merely deny the allegations in the moving party's pleadings" and "must do more than simply show that

3

there is some metaphysical doubt as to the material facts." *Id.* (quotation omitted). "[I]nstead, he must show where in the record there exists a genuine dispute over a material fact." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citation omitted); *see also* Fed. R. Civ. P. 56(c)(1)(A)-(B). If he fails to make this showing, then the Court may "consider the fact undisputed for purposes of the motion" and/or "grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it[.]" Fed. R. Civ. P. 56(e)(2), (3).

### III.   ANALYSIS

#### A.   Sexual Harassment/Hostile Work Environment

Mr. Davis cannot prevail on his sexual harassment claim. To establish his claim based on a hostile work environment under Title VII and the PHRA[1], Mr. Davis must demonstrate that: (1) he suffered intentional discrimination because of his sex; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected him; (4) the discrimination would detrimentally affect a reasonable person in like circumstances, and (5) there is a basis for *respondeat superior* liability. *Nitkin v. Main Line Health*, 67 F.4th 565, 570 (3d Cir. 2023). The single incident of sexual harassment at issue in this case is not severe enough to create a hostile work environment. To satisfy this standard, the "conduct must be extreme[;]" "isolated incidents (unless extremely serious)

---

[1] "Claims under the [Pennsylvania Human Relations Act] are interpreted coextensively with Title VII claims." *Nitkin*, 67 F.4th at 569 n.1 (quotation omitted).

are inadequate." *Nitkin*, 67 F.4th at 570 (quotation omitted). While disturbing and wholly inappropriate in the workplace, the single incident of Mr. Marker rubbing Mr. Davis's chest and placing his hand on Mr. Davis's lower back is not *extremely* serious.

Other courts have reached the same conclusion about similar incidents of unwanted physical touching, including where (1) a coworker came up behind a plaintiff and rubber her on the shoulders and hugged her from behind;[2] (2) a supervisor: rubbed the employee's shoulder for one to two seconds, grabbed his buttocks, and put her finger on the plaintiff's chest and pushed him with her hands;[3] and (3) a supervisor "placed his hand on [the plaintiff's] leg above the knee several times and … rubbed his hand along her upper thigh" and forcibly kissed her over the course of an evening.[4] I agree with these conclusions. These incidents are odious, but they do not, on their own, create a hostile work environment. There is also no evidence in the record that this one incident altered the conditions of Mr. Davis's employment such that it created an abusive working environment thereafter. *Nitkin*, 67 F.4th at 570 (quotation omitted). Thus, Mr. Davis cannot prevail on this element of his sexual harassment claim.

---

[2] *Larochelle v. Wilmac Corp.*, 210 F. Supp. 3d 658, 684 (E.D. Pa. 2016), *aff'd*, 769 F. App'x 57 (3d Cir. 2019).
[3] *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 459 (6th Cir. 2000)
[4] *Saxton v. Am. Tel. & Tel. Co.*, 10 F.3d 526, 528 (7th Cir. 1993).

### B. Retaliation

Mr. Davis's retaliation claims are subject to the familiar, three-step burden-shifting framework under *McDonnell Douglas*.

#### 1. *Prima facie* case

Under the first step of the *McDonnell Douglas* framework, "a plaintiff 'must establish a *prima facie* case by showing (1) [that she engaged in] protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action.'" *Canada v. Samuel Grossi & Sons, Inc.*, 49 F.4th 340, 346 (3d Cir. 2022) (quotation omitted). Mr. Davis can make this showing.

There is no dispute that Mr. Davis engaged in protected employee activity when he complained about Mr. Marker's conduct. And there is also no dispute that Wawa took an adverse action against Mr. Davis when it terminated him after he made his complaint. Finally, given the timing between Mr. Davis's complaint and his termination—just one week—a reasonable jury could conclude that there is a causal connection between his protected activity and his termination. Indeed, "[t]his timing is well within the three-month range to be 'unusually suggestive of retaliatory motive.'" *Qin v. Vertex, Inc.*, 100 F.4th 458, 477 (3d Cir. 2024) (quotation omitted).

### 2. Legitimate non-discriminatory reason

Because Mr. Davis has evidence to establish a *prima facie* case of retaliation, Wawa "has the burden of producing evidence that 'present[s] a legitimate, non-retaliatory reason for having taken the adverse action.'" *Canada*, 49 F.4th at 346 (quotation omitted). Wawa can meet that burden. Wawa has evidence that it terminated Mr. Davis because he failed to report for his shifts on September 22 and 24.

### 3. Pretext

Under step three of *McDonnell Douglas*, the burden shifts back to Mr. Davis to demonstrate that Wawa's "proffered explanation was false, and that retaliation was the real reason for the adverse employment action." *Canada*, 49 F.4th at 346 (quotation omitted). To defeat summary judgment at this final step, Mr. Davis "must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve [Wawa's] articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of [Wawa's] action." *Id.* at 347 (same). He can meet this burden by painting Wawa's proffered explanation "as weak, implausible, contradictory, or incoherent" or by showing that Wawa "in the past had subjected [him] to unlawful discriminatory treatment, [or] … treated other, similarly situated persons not of his protected class more favorably." *Id.* (same). However, Mr. Davis cannot prevail by "show[ing] that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated

7

the employer, not whether the employer is wise, shrewd, prudent, or competent." *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994). This is where Mr. Davis's retaliation claim fails.

Mr. Davis has not come forward with any evidence that would permit a reasonable jury to conclude that it is more likely than not that Wawa terminated him because he complained about Mr. Marker's sexual harassment. At most, he contends that the timing of his "termination following his sexual harassment complaint is unduly suggestive of retaliation." (ECF No. 16-2 at 8.) That might be true if Wawa hadn't already disciplined Mr. Davis for attendance issues. However, there is no dispute that Mr. Davis did not report for his scheduled shift at Wawa on September 10, and Wawa provided him with attendance coaching as a result. Then, after he failed to report for another shift on September 24, Wawa terminated him that same day. Given these facts, and the "highly context-specific" nature of the pretext inquiry, *Carvalho-Grevious v. Delaware State Univ.*, 851 F.3d 249, 260 (3d Cir. 2017), a reasonable jury could not conclude that it is more likely that Wawa acted with an invidious discriminatory motive.

To prevail at summary judgment, then, Mr. Davis must point to evidence to that could lead a jury to disbelieve Wawa's reason for terminating him. Again, Mr. Davis comes up short. There is no dispute that Mr. Davis did not report for work on September 22 and 24. While Mr. Davis has evidence—*i.e.*, his testimony—that he was excused from reporting for his shift on September 22, he does not have similar evidence with respect to his no-show on September 24. Instead, he contends that he tried calling Wawa three times, but

no one answered the phone; nor did anyone return his calls. Though Mr. Davis was "under the impression" that he was excused from working his shift that day, there is no dispute that he did not speak to anyone from Wawa that day, and no one from Wawa gave him actual permission to remain home from work. (ECF No. 16-3 at 32:20.)

Even if a jury were to believe Mr. Davis that he called Wawa three times that day, it would not make a difference. At best, that evidence suggests that Wawa's managers were wrong, as a factual matter, when they determined that Mr. Davis failed to call out on September 24. But to discredit Wawa's proffered reason, Mr. Davis "cannot simply show that the … decision was wrong or mistaken[.]" *Fuentes*, 32 F.3d at 765. And, in any event, he does not have any evidence that the managers who decided to fire him *knew* that he had tried to call in. Thus, there is no basis to think they are lying about what he did, or didn't do, that day. In short, this evidence is insufficient to demonstrate pretext, and Wawa is entitled to summary judgment on Mr. Davis's retaliation claims in Counts V and VI.

### IV. CONCLUSION

Mr. Davis does not have sufficient evidence to establish a sexual harassment claim, and he cannot demonstrate that Wawa's reasons for terminating him were pretextual. Thus, Wawa is entitled to summary judgment on all of Mr. Davis's claims. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

July 18, 2025